IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

FRANK C. JOHNSON, JR.,
et al,

    Plaintiffs,

vs.                                      CASE NO. 1:09CV3-MP/AK

BUDDY IRBY,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this cause of action *pro se* and he has filed a motion for leave to proceed in forma pauperis. (Docs. 1 and 2). Despite never having been granted leave to proceed without prepayment of court costs, Plaintiff apparently attempted to serve the complaint himself and the Defendant has filed a motion to dismiss. (Doc. 7). Despite having no leave to proceed without payment of court costs, Plaintiff has filed 12 motions, 8 notices, and 4 other papers, cluttering up the docket and filling up his file with voluminous, indecipherable, and unnecessary filings.

The present lawsuit is against the Clerk of the Alachua Circuit Court and alleges that in his capacity as Clerk of Court, Mr. Irby conspired to deprive Plaintiff of his civil rights by allegedly not listing the parties correctly when he processed an appeal in a lawsuit filed in state court.

Defendant has moved to dismiss the lawsuit on grounds of improper service, that he is immune from suit in his official and individual capacity, that the claims are time-barred, and for failure to state a claim. (Doc. 7).

a) <u>Service</u>

Defendant asserts that summons was not served with the complaint and the docket supports this. Plaintiff mailed and faxed the complaint to Defendant's office, but did not include a waiver either. Rule 4, Federal Rules of Civil Procedure, require that Plaintiff obtain a summons from the clerk of court and does not provide for service by mail unless a waiver is provided.

b) <u>Immunity</u>

Plaintiff does not identify in which capacity he sues Defendant, but Defendant is correct that the Eleventh Amendment bars suits against state employees for monetary relief in their official capacity. <u>Kentucky v. Graham</u>, 473 U. S. 159, 169, 105 S.Ct. 3099, 87 L.Ed2d 114 (1985); <u>Hobbs v. E.E. Roberts</u>, 999 F.2d 1526, 1529-30 (11th Cir. 1993). If Plaintiff is suing Defendant in his individual capacity, he has failed to adequately identify the constitutional right Defendant is alleged to have violated. "Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" <u>Vinyard v. Wilson</u>, 311 F.3d 1340, 1346 (11th Cir.2002) (quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)).

**No. 1:09cv3-MP/AK**

c)   Statute of Limitations

A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations. Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), citing Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." Burton, 178 F.3d at 1188, citing Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988). It is too difficult to discern from the complaint when the actions of which he complains arose, but the cases he refers to were filed in 2007and therefore, the limitations period may not have run yet.

Plaintiff has responded (docs. 17 and 20) to argue that any problems with service was because the court had not yet ruled on his motion for IFP. Indeed, Plaintiff should have waited for this ruling before proceeding with this lawsuit. Under 28 U.S.C. §1915A, one of the statutes concerning in forma pauperis status, the Court is entitled to screen pleadings before having them served by the United States Marshals Service. In the present case, the Court would not have served the complaint primarily because it is frivolous and fails to state a claim, and presumably this is why Plaintiff chose to attempt service himself. Regardless, service is still insufficient. However, rather than offer Plaintiff an opportunity to correct the technical errors with service, the undersigned is of the opinion that the complaint should be dismissed as frivolous. It is also recommended that the motion for in forma pauperis be denied, and that Plaintiff be barred from proceeding IFP in any future filings in this court.

**No. 1:09cv3-MP/AK**

A court may deny IFP status prospectively when "the number, content, frequency, and disposition" of a litigant's filings show an abusive pattern. See Hurt v. Social Security Administration, 544 F.3d 308, 310 (C.A.D.C. 2008). The court in Hurt found support for its position from the Supreme Court in In re McDonald, 489 U.S. 180 (1989), which denied IFP status to an otherwise qualified habeas petitioner because of numerous and abusive filings stating that "every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." Id., at 184. Also persuasive to the Hurt court was the 1996 legislation that added the "three strike" provision to 28 U.S.C. §1915, which bars prisoners from proceeding IFP after 3 frivolous lawsuits unless there is a showing of "imminent danger of serious physical injury." Hurt, at 310, citing Prison Litigation Reform Act of 1996. The court in Hurt applied the three strike rule to the non-prisoner litigant before it stating, "If such a rule is appropriate for prisoners, who are severely limited in their ability to earn money to pay filing fees, surely it is permissible for similarly vexatious non-incarcerated litigants." Id. The court then revoked the plaintiff's IFP privilege, dismissed all his appeals, and directed the Clerk of the Court to refuse to accept any more of his appeals that were not accompanied by the full filing fee.

It is the opinion of the undersigned that the same approach should be taken with this Plaintiff. While it is not the number of lawsuits alone that makes Plaintiff's filings so vexatious, each case results in numerous and voluminous filings, motions to disqualify,

**No. 1:09cv3-MP/AK**

writs of mandamus, and baseless claims. Plaintiff's history began with this Court in Johnson v. Secretary of Health and Human Services, No. 1:91cv10144-MP, which resulted in 252 docket entries and a dismissal. The papers in these earlier cases are not available on electronic docketing, but it appears that two years later Plaintiff filed another lawsuit against social security, which may have raised the same issues decided previously. See Johnson v. Secretary of Health and Human Services, No. 1:93cv10148-MP (72 docket entries). After this lawsuit was dismissed, Plaintiff sued all the judges and magistrate judges involved in the case: Johnson v. Paul, No. 1:97cv25-MP (45 docket entries). This last case labeled Plaintiff as an abusive filer and he was ordered to pay sanctions of $150.00 and to submit an affidavit setting forth in two pages or less the names of the defendants and a summary of the claims against them if he attempted to file anything else in this court. Apparently these sanctions dissuaded him from filing cases for ten years. However, in 1997, when Plaintiff attempted to file suit again, it was noted that these sanctions had never been paid and his case would not proceed. (See Johnson v. Law Offices, Case No. 1:07cv225-MP/AK, doc. 13). Plaintiff paid the sanctions and was allowed to proceed which has resulted in the filing of three more cases (Nos. 1:08cv38-MP/AK; 1:08cv243-MP/AK; and the present case 1:09cv03-MP/AK) and one improper removal (No. 1:09cv34-MP/AK). All of the cases have been dismissed or recommended for remand to state court, and all of the cases have been plagued with numerous, almost daily, voluminous, indecipherable filings raising unfounded issues of judicial conspiracy and bias. See 1:07cv225-MP/AK (dismissed for failure to state a claim); 1:08cv38-MP/AK (dismissed as frivolous); 1:08cv243-

**No. 1:09cv3-MP/AK**

MP/AK (dismissed as frivolous). Considerable time and effort by chambers and the clerk's office have been expended in processing the voluminous filings which are difficult to read. All of the dismissed cases have been appealed, which requires additional effort by the clerk's office, chambers, and staff at the Court of Appeals. And significant in all of this effort is that Plaintiff has been allowed to proceed without paying **any** court costs.

As the court stated in Hurt, "If [he] wishes to continue wasting this Court's time by appealing dismissals of his absurd and frivolous claims, he should have to do it on his own dime."

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Motion for Leave to Proceed in forma pauperis (doc. 2) be **DENIED**, that Defendant's Motion to Dismiss (doc. 7) be **GRANTED**, and that Plaintiff's IFP privilege be revoked and the Clerk of the Court directed to refuse any filings unless accompanied by the full filing fee.

**IN CHAMBERS** at Gainesville, Florida, this _____ Day of June, 2009.

ALLAN KORNBLUM
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 1:09cv3-MP/AK**

# Select A Case

**This person is a party in 5 cases.**

| | | |
|---|---|---|
| 1:07-cv-00225-MP-AK | JOHNSON JR, ET AL v. LAW OFFICES OF MARSHALL C WATSON et al | filed 11/01/07   closed 12/19/07 |
| 1:08-cv-00038-MP-AK | JOHNSON JR v. WILBUR et al | filed 03/13/08   closed 12/12/08 |
| 1:08-cv-00243-MP-AK | JOHNSON v MONACO et al | filed 11/24/08   closed 12/22/08 |
| 1:09-cv-00003-MP-AK | JOHNSON v. IRBY | filed 01/05/09 |
| 1:09-cv-00034-MP-AK | THE BANK OF NEW YORK MELLON TRUST COMPANY NA v. JOHNSON et al | filed 02/17/09 |

## Select A Case

**This person is a party in 4 cases.**

| | | | |
|---|---|---|---|
| 1:91-cv-10144-MP | JOHNSON v. SULLIVAN, et al | filed 09/24/91 | closed 03/08/93 |
| 1:93-cv-10148-MP | JOHNSON v. SHALALA, et al | filed 10/12/93 | closed 02/07/94 |
| 1:97-cv-00025-MP | JOHNSON v. PAUL, et al | filed 02/28/97 | closed 04/07/97 |